UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSEPH McCAFFREY,                               Case No. CV-08-4602
                                                (LAP) (GWG)
       Plaintiff,                                   ECF Case

   - against -                                 **ANSWER**

THE LONG ISLAND RAILROAD COMPANY,

       Defendant.
------------------------------------------------------------X

      Defendant, THE LONG ISLAND RAIL ROAD COMPANY ("LIRR"), by and through its attorney, J. Dennis McGrath, Esq., Acting Vice-President – General Counsel & Secretary, answers the Complaint filed by plaintiff Joseph McCaffrey in this action as follows:

      1.    States that paragraph "1" of the Complaint contains allegations as to jurisdiction, to which no response is necessary.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint, except admits that a "Notice of Right to Sue," dated May 1, 2008, was issued by the United States Department of Justice, and admits further that Plaintiff filed this Complaint within 90 days of the date of the "Notice of Right to Sue."

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

      4.    Denies the truth of the allegations contained in paragraph "4" of the Complaint.

5. States that paragraph "5" of the Complaint sets forth legal conclusions, to which no response is necessary, except affirmatively states that the LIRR is a public benefit corporation existing under the laws of the State of New York.

6. Admits the truth of the allegations contained in paragraph "6" of the Complaint.

7. States that paragraph "7" of the Complaint sets forth legal conclusions, to which no response is necessary.

8. States that paragraph "8" of the Complaint sets forth legal conclusions, to which no response is necessary.

9. States that paragraph "9" of the Complaint sets forth legal conclusions, to which no response is necessary, except admits that the LIRR is engaged in an industry that commerce.

10. States that paragraph "10" of the Complaint sets forth legal conclusions, to which no response is necessary, except admits that the LIRR employs more than 15 employees.

11. Denies the truth of the allegations in paragraph "11" of the Complaint, except admits that Plaintiff was hired by the LIRR in August 2005.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint, except admits that one of the job titles held by Plaintiff was Trackworker.

13. States that paragraph "13" of the Complaint sets forth legal conclusions, to which no response is necessary.

14. States that paragraph "15" of the Complaint sets forth legal conclusions, to which no response is necessary, and otherwise denies the truth of any remaining allegations contained in

said paragraph.[1]

15. Denies the truth of the allegations contained in paragraph "16" of the Complaint.

16. Denies the truth of the allegations contained in paragraph "17" of the Complaint.

17. Denies the truth of the allegations contained in paragraph "18" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment of the U.S. Constitution.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with conditions precedent and/or statutory prerequisites to suit.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint does not contain an allegation, required by N.Y. Pub. Auth. Law §1276(1), that at least thirty days have elapsed since the claims upon which the present action is founded were presented to the LIRR and the

---

[1] Defendant notes that the Complaint does not contain a Paragraph "14."

3

LIRR neglected or refused to make an adjustment or payment thereof.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by the applicable statute(s) of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they violate the seniority provisions of any applicable collective bargaining agreement.

### SEVENTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant with regard to Plaintiff's employment, or the terms and conditions thereof, were job-related and consistent with business necessity.

### EIGHTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted reasonably and in good faith toward Plaintiff and did not violate any rights that may be secured to Plaintiff under federal law.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to make reasonable efforts to mitigate damages, any damages awarded to Plaintiff should be reduced accordingly.

**WHEREFORE**, defendant The Long Island Railroad Company respectfully requests that this Court dismiss the Complaint in its entirety and award Defendant its costs and disbursements in this action, including its attorney's fees.

Dated:  Jamaica, New York
        August 4, 2008

> Respectfully Submitted,
>
> **J. DENNIS McGRATH, ESQ.**
> **Acting Vice President-General Counsel & Secretary**
> Attorney for Defendant Long Island Rail Road
>
> By: _____
>      Walter Johnson III (WJ-9265)
> LIRR Law Department
> Jamaica Station
> Jamaica, New York 11435
> (718) 558-8316

**TO:**  Fredric M. Gold (FG-3286)
         Sable & Gold
         *Attorneys for Plaintiff*
         450 Seventh Avenue, Suite 1901
         New York, New York 10123